# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dexter Anderson,<br><br>  Plaintiff,<br><br>v.<br><br>M. Rios, Warden,<br><br>  Defendant. | Case No. 18-cv-2891 (SRN/KMM)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Dexter Anderson, 07132-089, FPC-Duluth, P.O. Box 1000, Duluth, Minnesota 55814, pro se.

Bahram Samie, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This case is before the Court on Plaintiff's objections ("Objection") [Doc. No. 14] to United States Magistrate Judge Katherine Menendez's October 17, 2018, Report and Recommendation ("R&R") [Doc. No. 13]. Magistrate Judge Menendez recommended that the Court deny Plaintiff's motion for a temporary restraining order ("TRO") and preliminary injunction ("Motion"). (R&R at 1.) For the reasons set forth below, the Court overrules Plaintiff's Objection, adopts the R&R in full, and denies Plaintiff's Motion.

## I. Background

Plaintiff is currently confined in the Special Housing Unit at the Federal Prison Camp in Duluth ("FPC-Duluth"), a minimum-security facility. (R&R at 1.) He alleges

1

that the Bureau of Prisons ("BOP") plans to transfer him to another facility. (*Id.*) On October 9, 2018, Plaintiff filed a Motion to prevent the BOP from moving forward with this planned transfer. [Doc. No. 1].

First, Plaintiff contends that he has two medical conditions that require follow-up appointments and treatment, and that the planned transfer would cause him to miss essential care. (Mot. at 2–3.) Second, Plaintiff asserts that the BOP's planned transfer is retaliatory. (*Id.*) Plaintiff claims that prison officials at FPC-Duluth disciplined him and decided to transfer him to another facility because he exercised his First Amendment right in filing several grievances. (*Id.*)

In a thorough and well-reasoned R&R, Magistrate Judge Menendez recommended that the Motion be denied because Plaintiff had failed to meet the *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 112 (8th Cir. 1981), factors for injunctive relief. (R&R at 1, 5.) On November 6, 2018, Plaintiff objected to Magistrate Judge Menendez's R&R. (Obj. at 1.)

Plaintiff raises four objections to the R&R. First, he contends that the magistrate judge improperly concluded that he is unlikely to succeed on the merits of his Eighth Amendment deliberate indifference claim. (*Id.* at 2–6.) Second, Plaintiff objects to the R&R's finding that he failed to establish irreparable harm resulting from the transfer. (*Id.* at 6–8.) Third, Plaintiff argues that the magistrate judge wrongly decided that he is unlikely to succeed on the merits of his retaliatory transfer claim. (*Id.* at 11–18.) And finally, Plaintiff objects to the R&R's conclusion that it would not be in the public interest to enjoin his transfer to another facility. (*Id.* at 18–22.)

## II. Discussion

### A. Legal Standard

To determine if Plaintiff is entitled to a TRO or a preliminary injunction, a court considers: (1) the likelihood of success on the merits of Plaintiff's claims; (2) the threat of irreparable harm to Plaintiff; (3) the balance between that threat of harm and the injury that granting injunctive relief would inflict on other interested parties; and (4) whether the issuance of a TRO or preliminary injunction is in the public interest. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 n.1 (8th Cir. 1981). No single factor is determinative and all must be viewed in totality when a court decides if relief should be granted. *Id.* at 113. Moreover, Plaintiff has the burden of proving that he is entitled to the injunctive relief he seeks. *See Jackson v. Macalester Coll.*, 169 F. Supp. 3d 918, 921 (D. Minn. 2016) (citing *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844).

This Court reviews *de novo* any portion of the magistrate judge's opinion to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that opinion. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b)(3).

### B. Plaintiff's Objections

#### 1. Eighth Amendment Deliberate Indifference Claim[1]

Plaintiff first objects to the magistrate judge's conclusion that he is unlikely to

---

[1] Plaintiff's third objection is the same as his first—his disagreement with the magistrate judge's recommendation that this Court deny Plaintiff's TRO and preliminary injunction with respect to his deliberate indifference claim. For the same reasons as stated below, Plaintiff's objection is overruled.

succeed on the merits of his Eighth Amendment deliberate indifference claim. (*Id.* at 2–6.) He argues that FPC-Duluth did not monitor his various medical issues before seeking to transfer him. (*Id.*)

For a Plaintiff to obtain prospective relief on a deliberate indifference claim, that Plaintiff must establish that the impending transfer is more than mere negligence. *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004). In addition, a Plaintiff must establish that the impending transfer would cause an injury in fact. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

However, Plaintiff here has not provided evidence of causation, and has not established the elements of a deliberate indifference claim. Rather, FPC-Duluth was aware of Plaintiff's various medical issues and coordinated the necessary follow-up appointments for Plaintiff in a manner that was consistent with the recommendations of an oncologist at the Federal Medical Center in Butner, North Carolina. (Elkroot Decl. [Doc. No. 10] at ¶¶ 4–5, 20.) Specifically, FPC-Duluth has agreed that it will not transfer Plaintiff before he has a follow-up appointment with an ENT, until medical staff receive an orthopedist report, and if further care for his chronic arthritis precludes it. (R&R at 8.) As such, Plaintiff's objection is overruled.

### 2. Irreparable Harm

Plaintiff also objects to the magistrate judge's finding that he failed to establish irreparable harm resulting from the transfer. (Obj. at 6–8.) Plaintiff contends that he does not need to demonstrate irreparable harm to secure a TRO or preliminary injunction. (*Id.*) However, a movant is required to show irreparable harm in order to secure a TRO or

4

preliminary injunction. *Dataphase Sys., Inc.*, 640 F.2d at 113–14. As previously stated, FPC-Duluth is taking precautionary measures to make sure that Plaintiff is not transferred before he receives medical care and that his future treatment will not be delayed due to the planned transfer. (R&R at 8.) Thus, Plaintiff's objection is overruled.

### 3. Likelihood of Success on the Merits on the Retaliatory Transfer Claim

Plaintiff objects to the magistrate judge's conclusion that he is unlikely to succeed on the merits of his retaliatory transfer claim. (Obj. at 11–18.) Plaintiff alleges that Defendant made statements indicating a retaliatory motive for his transfer. (*Id.*)

A Plaintiff bears the burden to show that "but for" a retaliatory motive, that Plaintiff would not have been disciplined or transferred. *Haynes v. Stephenson*, 588 F.3d 1152, 1157 (8th Cir. 2009. To meet that burden, a Plaintiff must present "affirmative evidence" of a prison official's retaliatory motive. *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007). But a retaliation claim fails if the alleged retaliatory action was done as a result of an "actual violation of a prison rule." *Hartsfield v. Nichols*, 511 F.3d 826, 828 (8th Cir. 2008). If there is "some evidence" of a violation of a prison rule, "the filing of a charge may not be the basis for a retaliatory-decision claim." *Sanders v. Hobbs*, 773 F.3d 186, 190 (8th Cir. 2014). Moreover, "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence.'" *Hartsfield*, 511 F.3d at 831.

Plaintiff was written up for at least five incidents of misbehavior between June and August of 2018. (R&R at 9.) Although Plaintiff disagrees with the merits of these

5

disciplinary actions, the record indicates that they were substantiated and that he was sanctioned accordingly. (Jones Decl. [Doc. No. 11] at ¶ 5.) So, the R&R correctly concluded that Plaintiff is not likely to succeed on the merits of his retaliatory transfer claim. As a result, Plaintiff's objection is overruled. (R&R at 10.)

### 4. Public Interest

Lastly, Plaintiff objects to the magistrate judge's finding that it would not be in the public interest to enjoin his transfer to another facility. (Obj. at 18–22.) Plaintiff asserts that the public interest weighs in his favor because he is alleging violations of his constitutional rights. (*Id.*) However, because Plaintiff has not demonstrated any threat of irreparable harm and that injunctive relief the Court would recommend would interfere with prison administration, the balance of harms weighs against granting a TRO or preliminary injunction. (R&R at 10 (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (finding that a request for injunctive relief should be viewed with caution because judicial restraint is necessary when dealing with the "complex and intractable problems of prison administration")).) Therefore, Plaintiff's objection is overruled.

## IV. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Anderson's Objection [Doc. No. 14] is **OVERRULED**;

2. Magistrate Judge Menendez's R&R [Doc. No. 13] is **ADOPTED** in its entirety; and

3. Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. No. 1] is **DENIED**.

Dated: December 27, 2018

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge